**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| TONYA GAYLE HERNDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CV-145 (LAG) |
| | : | |
| TYRONE OLIVER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (Motion). (Doc. 26). For the reasons below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

Plaintiff Tonya Gayle Herndon initiated this § 1983 action against Defendants Tyrone Oliver, Jermaine White, Scott Wiza, Ralph Shropshire, Howard Fleming, Marjorie Gillum, Tiffany Lewis, Donte Evans, Charles Marcus, and Kelvin Reeves on October 29, 2025, by filing a Complaint in this Court. (Doc. 1). Plaintiff Herndon brought claims for violation of the Eighth and Fourteenth Amendments by Defendants Fleming, Gillum, and Lewis pursuant to 42 U.S.C. § 1983 (Count I), violation of the Eighth and Fourteenth Amendments by Defendants Gillum, and Evans pursuant to 42 U.S.C. § 1983 (Count II), violation of the Eighth and Fourteenth Amendments by Defendants Oliver, White, Shropshire, Marcus, and Reeves pursuant to 42 U.S.C § 1983 (Count III), and punitive damages and attorneys' fees against all Defendants. (*Id.* at 11–18). On February 13, 2026, Defendants Oliver, White, Wiza, Shropshire, Fleming, Gillum, Evans, Marcus, and Reeves filed a Motion to Dismiss and a Motion to Stay Discovery. (Docs. 13, 14). On February 26, 2026, Plaintiff Herndon and Defendant Lewis filed a Motion to Dismiss Defendant Lewis as a party. (Doc. 19). The Court granted the Motion to Stay on April 23, 2026, and the Motion to Dismiss Defendant Lewis as a party the following day, dismissing the claims

against Defendant Lewis without prejudice. (Docs. 24, 25). On May 15, 2026, Plaintiff Herndon filed the instant Motion along with a Proposed First Amended Complaint. (Docs. 26, 26-1). The Motion seeks to "add[] an additional Plaintiff, Andrew J. Griffith, Jr., individually as a parent of the deceased, and as a co-administrator to the Estate of Shane Griffith." (*Id.* at 2; *see* Doc. 26-1 ¶ 26). No Defendant responded to the Motion. (*See* Docket). The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.2.

## LEGAL STANDARD

Plaintiffs may amend a complaint "once as a matter of course" within twenty-one days of serving the complaint or within twenty-one days of service of a responsive pleading or motion under Federal Rules of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A motion for leave to file an amended complaint "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019) (citation omitted). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). Rule 15 therefore "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (11th Cir. 1981). Accordingly, without a "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy*, 660 F.2d at 598).

## DISCUSSION

Here, because more than twenty-one days have passed since Plaintiff Herndon served the Complaint and since Defendants have answered, Plaintiff Herndon seeks the Court's leave to amend and add a party. (*See* Docket); Fed. R. Civ. P. 15(a)(1)(A)–(B). The Proposed First Amended Complaint (Doc. 26-1) seeks to "add[] an additional Plaintiff,

2

Andrew J. Griffith, Jr., individually as a parent of the deceased, and as a co-administrator to the Estate of Shane Griffith." (Doc. 26 at 2; *see* Doc. 26-1 ¶ 26). There appears to be no "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies . . ., undue prejudice  . . ., [or] futility of amendment[.]" *Foman*, 371 U.S. at 182. Thus, there is no "substantial reason to deny leave to amend[.]" *Burger King Corp.*, 169 F.3d at 1319 (quoting *Dussouy*, 660 F.2d at 598).

## CONCLUSION

Accordingly, the Motion (Doc. 26) is **GRANTED**.[1][2][3] The Clerk of Court is **DIRECTED** to docket Plaintiffs' Proposed First Amended Complaint (Doc. 26-1). Defendants have **twenty-one (21) days** to file an answer or otherwise respond to the First Amended Complaint. It is **FURTHER ORDERED** that the stay of discovery shall continue until Defendants file an Answer to the First Amended Complaint (Doc. 26-1), or, if Defendants instead file a Motion to Dismiss the First Amended Complaint, until that motion is resolved.

**SO ORDERED**, this 8th day of July, 2026.

/s/ Leslie A. Gardner

---

[1]  Plaintiff Herndon again makes reference to "Doe" Defendants in Counts I and II of the First Amended Complaint, while no such "Doe" Defendants are named therein, described as Parties, or mentioned in the factual allegations. (*See* generally Doc. 26-1). The Court warned Plaintiff Herndon about this issue in its prior Order granting the Motion to Stay. (Doc. 24 at 1). Accordingly, to the extent the First Amended Complaint asserts claims against "Doe" Defendants, the claims are **DISMISSED with prejudice**. *See Giddens v. Tift Reg'l Health Sys., Inc.*, No. 7:25-CV-163 (WLS), 2026 WL 555070, at *7 n.3 (M.D. Ga. Feb. 27, 2026); *Downing v. Howard*, No. 5:25-CV-00277-TES, 2025 WL 3243459, at *2 (M.D. Ga. Nov. 20, 2025).

[2]  The Court likewise finds it odd that Plaintiff Herndon would agree to dismiss Defendant Lewis as a party, just to include her in the First Amended Complaint. (Docs. 19, 25; *see* Doc. 26-1 ¶¶ 37, 41–48). As Defendant Lewis' dismissal was without prejudice, however, the Court will allow the claims stated against her in the First Amended Complaint (Doc. 26-1) to proceed. That said, if Defendant Lewis' inclusion in the First Amended Complaint (Doc. 26-1) was done in error, Plaintiffs should promptly file another Motion dismissing her as a party.

[3]  "An amended complaint ... moots '[a] motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Tholen v. Rachals, et al.*, No. 1:25-CV-114 (LAG), 2026 WL 897367, at *1 n.2 (M.D. Ga. Mar. 31, 2026) (quoting *Whitfield v. Selene Fin. LP*, No. 5:24-CV-00153-TES, 2024 WL 4113534, at *1 (M.D. Ga. Sept. 6, 2024)). Accordingly, Defendants' Motion to Dismiss (Doc. 13) and Plaintiff Herndon's Motion for Leave to File a Surreply (Doc. 27) are **DENIED as moot**.

**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**